UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

COREY GRESHAM,

        Petitioner,        3:14-cv-00596-SU

        v.        FINDINGS AND RECOMMENDATION

MARION FEATHER,

        Respondent.

SULLIVAN, Magistrate Judge.

    Petitioner, an inmate in the custody of the Bureau of Prisons ("BOP"), housed at FCI Sheridan, filed a Petition under 28 U.S.C. § 2241 challenging the BOP's determination that he is not eligible for early release through the Residential Drug Abuse Treatment Program ("RDAP"). Petitioner alleges that the BOP's application of 28 C.F.R. § 550.55 and Program Statement 5162.05, to deny him eligibility for a reduction of his period of custody under 18 U.S.C. § 3621(e)

1 - FINDINGS AND RECOMMENDATION

was an abuse of discretion. Petition (#1) p. 1, 6.

Respondent now moves to deny the petition and dismiss this proceeding on the grounds that the BOP's individualized determination under 18 U.S.C. § 3621(e) is a decision vested solely within the discretion of the BOP, and is not reviewable by the courts. Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011). Respondent further contends that petitioner has not established that he is in custody in violation of a constitutional or statutory right as required for habeas relief under 28 U.S.C. § 2241 because inmates do not have a liberty interest in being released prior to the expiration of a valid sentence, including a RDAP sentence reduction. Response to Petition (#9), p. 2.

Petitioner has not filed a reply to respondent's response or a brief in support of his petition.

The facts giving rise to petitioner's claim are set forth in respondent's Response (#9) and are not disputed. In addition the statutory framework for the RDAP early release eligibility and procedures are succinctly and accurately set forth in Respondent's Response and need not be repeated here.

In summary, 18 U.S.C. § 3621(e) provides that if an inmate convicted of a nonviolent offense successfully completes the RDAP, the BOP may reduce the period of time the

inmate remains in custody by up to one year from the term the inmate must otherwise serve. Some categories of inmates are not eligible for early release. *See*, 28 C.F.R. § 550.55.

In this case, BOP staff determined that petitioner's current offense conviction precluded early release eligibility because the offenses: 1) "involved the carrying, possession, or use of a firearm or other dangerous weapon ... (28 C.F.R. § 550.55(b)(5)(ii);" 2) "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another (28 C.F.R. § 550.55(b)(5)(ii);" and 3) the offense "is an attempt, conspiracy, or other offense which involved an underlying offense to commit any precluding offense (28 C.F.R. § 550.55(b)(6))." Declaration of Tiffany Phillips (#10) paragraph 4.

Petitioner contends that the BOP's determination that he was not eligible for early release was an "abuse of discretion."

The BOP's individualized determination concerning inmates' eligibility for RDAP early release is solely within the discretion of the BOP, is exempt from the requirements of the Administrative Procedure Act (APA), and is not reviewable by federal district courts. <u>Reeb v. Thomas</u>, 636 F.3d 1224 (9th Cir. 2011).   18 U.S.C. § 3625 specifically provides that 5 U.S.C. §§ 701-706 do not apply to "the making of any

3 - FINDINGS AND RECOMMENDATION

determination, decision, or order" under § 3621. "Accordingly, any substantive decision by the BOP to ... grant or deny a sentence reduction for completion of [RDAP], is not reviewable by the district court." *Reeb*, 636 F.3d at 1227. The Ninth Circuit expressly held, "federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621 ...[.]" Id. At 1228; Adams v. Thomas, 2012 WL 1205104, at *1 (D.Or. April 11, 2012) (the judicial review provisions of 701 - 706 "do not apply to the making of any determination, decision or order under 18 U.S.C. §§3621-3625.").

In addition, to state a claim under 28 U.S.C. § 2241, a petitioner must allege that he is in custody in violation of a constitutional or statutory right. Rose v. Hodges, 423 U.S. 19, 21 (1975).

The United States Constitution does not create a liberty interest in being released prior to the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska, 442 U.S. 1, 7 (1979), nor does 3621(e)(2)(B) create a protected liberty interest. Jacks v. Crabtree, 114 F.3d 983 n.4 (9th Cir. 1997); *see also*, Valentin v. Thomas, 2010 WL5071242 (D. Or. Dec. 2, 2010).

Petitioner has no protected liberty interest in being released prior to the expiration of his sentence. Therefore,

4 - FINDINGS AND RECOMMENDATION

the petition fails to state a claim cognizable under 28 U.S.C. § 2241.

Based on all of the foregoing, petitioner's Petition (#1) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 16th day of July, 2014.

            /s/ Patricia Sullivan
            Patricia Sullivan
            United States Magistrate Judge